SCOTT J. HYMAN (State Bar No. 148709)
sjh@severson.com
DOUGLAS C. STASTNY (State Bar No. 269470)
dcs@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant
AMERICREDIT FINANCIAL SERVICES, INC.
dba GM Financial (erroneously sued as General
Motors Financial Company, Inc.)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| CRYSTAL THORPE, and JOCQAEL THORPE, <br><br> Plaintiffs, <br><br> vs. <br><br> STATEWIDE RECOVERY SERVICES, INC., GENERAL MOTORS FINANCIAL COMPANY, INC., and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:16-cv-06859 ODW (GJSx) <br> Hon. Otis D. Wright, II <br> Ctrm. 11 (Spring St.) <br><br> **ANSWER TO COMPLAINT** <br><br><br> Action Filed: September 13, 2016 <br> Trial Date: None Set |

31085.0208/9024009.1

Defendant AMERICREDIT FINANCIAL SERVICES, INC. dba GM Financial (erroneously sued as GENERAL MOTORS FINANCIAL COMPANY, INC.) ("Defendant") hereby answers Plaintiffs CRYSTAL THORPE and JOCQAEL THORPE's (collectively, "Plaintiffs") Complaint as follows:

## OPERATIVE FACTS

1. Answering Complaint ¶1, Defendant admits that Plaintiffs signed a retail installment contract with an Illinois dealership for the purchase of an automobile in Illinois that was assigned to Defendant and which gave Defendant a security interest in the subject vehicle upon assignment. Defendant admits that it hired Statewide Recovery Services, Inc. to conduct a repossession of the subject vehicle in California. Except as expressly admitted herein, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained in Complaint ¶1.

2. Answering Complaint ¶2, Defendant admits that Statewide repossessed the subject vehicle. The remainder of Complaint ¶2 contains legal conclusions and therefore requires no responses. To the extent a response is required to the remainder of Complaint ¶2, Defendant lacks sufficient knowledge or information to form a belief as to the truth of any other remaining allegations contained within Complaint ¶2, and on that basis denies both generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

3. Answering Complaint ¶3, Defendant admits that it sent Plaintiffs written notice of sale of the subject vehicle to Plaintiffs' last known address. The remainder of Complaint ¶3 contains legal conclusions which require no responses and allegations which Defendant denies. To the extent a response is required to the remainder of Complaint ¶3, Defendant lacks sufficient knowledge or information to form a belief as to the truth of any other remaining allegations contained within Complaint ¶3, and on that basis denies both generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

## JURISDICTION AND VENUE

4. Answering Complaint ¶4, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions. To the extent a response is required to the remainder of Complaint ¶4, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

5. Answering Complaint ¶5, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions. To the extent a response is required to the remainder of Complaint ¶5, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

## PARTIES

6. Answering Complaint ¶6, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶6, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

7. Answering Complaint ¶7, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶7, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

8. Defendant admits the allegations contained in Complaint ¶8.

9. Answering Complaint ¶9, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶9, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

10. Answering Complaint ¶10, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

## FIRST CAUSE OF ACTION

**(Against Statewide and the Doe Defendants for Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**

11. No response is required to Complaint ¶11, since it merely is a recitation incorporation by reference the allegations of paragraphs 1 through 10 of Plaintiffs' Complaint; however, to the extent that a response is required, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 10, inclusive, of this verified answer to Plaintiffs' Complaint.

12. Plaintiffs' First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

13. Plaintiffs' First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

14. Plaintiffs' First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

15. Plaintiffs' First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

16. Plaintiffs' First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

## SECOND CAUSE OF ACTION

**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

17. No response is required to Complaint ¶17, since it merely is a recitation incorporation by reference the allegations of paragraphs 1 through 16 of Plaintiffs' Complaint; however, to the extent that a response is required, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 16, inclusive, of this verified answer to Plaintiffs' Complaint.

///
///

18. Answering Complaint ¶18, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions. To the extent a response is required to the remainder of Complaint ¶18, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

19. Answering Complaint ¶19, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions. To the extent a response is required to the remainder of Complaint ¶19, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

20. Answering Complaint ¶20, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

21. Answering Complaint ¶21, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶21, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

22. Answering Complaint ¶22, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶22, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

23. Answering Complaint ¶23, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

24. Answering Complaint ¶24, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶24, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

ANSWER TO COMPLAINT

25. Answering Complaint ¶25, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶25, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

26. Answering Complaint ¶26, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### (Against Defendant GM Financial for Violations of the Illinois UCC)

27. No response is required to Complaint ¶27, since it merely is a recitation incorporation by reference the allegations of paragraphs 1 through 26 of Plaintiffs' Complaint; however, to the extent that a response is required, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 26, inclusive, of this verified answer to Plaintiffs' Complaint.

28. Answering Complaint ¶28, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

29. Answering Complaint ¶29, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

30. Answering Complaint ¶30, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions. To the extent a response is required to the remainder of Complaint ¶30, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

/ / /

/ / /

/ / /

31085.0208/9024009.1

-5-

ANSWER TO COMPLAINT

31. Answering Complaint ¶31, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions. To the extent a response is required to the remainder of Complaint ¶31, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

32. Answering Complaint ¶32, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

33. Answering Complaint ¶33, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

**(Against Defendants Statewide and the Doe Defendants for Conversion)**

34. No response is required to Complaint ¶34, since it merely is a recitation incorporation by reference the allegations of paragraphs 1 through 33 of Plaintiffs' Complaint; however, to the extent that a response is required, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 33, inclusive, of this verified answer to Plaintiffs' Complaint.

35. Plaintiffs' Fourth Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

36. Plaintiffs' Fourth Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

37. Plaintiffs' Fourth Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

38. Plaintiffs' Fourth Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

/ / /

/ / /

## PRAYER FOR RELIEF

In response to Plaintiffs' prayer for relief in Plaintiffs' Complaint, Defendant denies that Plaintiffs are entitled to any of the relief as sought in the prayer to the Complaint against Defendant, including paragraphs 1-6, inclusive, of Plaintiffs' prayer for relief for the reasons set forth in this answer to Plaintiffs' Complaint and in Defendant's affirmative defenses set forth herein below. But particularly, Defendant specifically denies that Plaintiffs are entitled to the relief sought in Complaint Prayer ¶¶3 & 5, since Plaintiffs have asserted no basis for an award of punitive damages or attorney's fees and costs against Defendant.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' Complaint, and to each and every cause of action therein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

The Complaint is barred in whole or part because of Plaintiffs' failure to take adequate and reasonable measures to mitigate their alleged damages.

### SECOND AFFIRMATIVE DEFENSE
### (Offset)

Any injury or damage to Plaintiffs are offset by amounts owed to Defendant under the terms of the subject retail installment contract and as a result of Plaintiffs' default thereon. The amount of offset will be according to proof at trial.

### THIRD AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiffs were at fault with respect to the matters alleged in the Complaint, and their recovery, if any, should be barred or reduced in proportion to their comparative fault. Plaintiffs, either intentionally or negligently, failed to update their contact information for the subject account and as a result caused any harm they suffered by not receiving written notices from Defendant by mail.

## FOURTH AFFIRMATIVE DEFENSE

### (Responsibility of Third Parties)

Any injury or damage to Plaintiffs were a result of the intentional, negligent, or otherwise, wrongful acts of third parties, and any claims against Defendant shall be reduced in proportion to the faults of these third parties.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Each of the purported causes of action set forth in the Complaint is barred by the equitable doctrine of unclean hands. Plaintiffs, either intentionally or negligently, failed to update their contact information for the subject account and as a result caused any harm they suffered by not receiving written notices from Defendant by mail.

## SIXTH AFFIRMATIVE DEFENSE

### (Superseding and Intervening Cause)

Plaintiffs may not recover against Defendant because Plaintiffs' purported damages were the proximate result of superseding and intervening causes unrelated to any act by Defendant. Plaintiffs, either intentionally or negligently, failed to update their contact information for the subject account and as a result caused any harm they suffered by not receiving written notices from Defendant by mail.

## SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Law)

Defendant's compliance with the statutes, rules, and regulations, which govern the subject matter of this lawsuit, precludes its liability to Plaintiffs.

/ / /

/ / /

/ / /

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

### (No Causation)

Defendant is informed and believes and on that basis alleges that its actions, if there were any, were not a substantial factor in causing Plaintiffs' harm. Plaintiffs, either intentionally or negligently, failed to update their contact information for the subject account and as a result caused any harm they suffered by not receiving written notices from Defendant by mail.

## NINTH AFFIRMATIVE DEFENSE

### (Uncertainty)

The Complaint does not describe the claims against Defendant with sufficient particularity and certainty to enable Defendant to determine what defenses may exist. Defendant reserves the right to assert all defenses that may be pertinent to or arise from Plaintiffs' claims against it when the precise nature of those claims has been ascertained.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Recovery for any injury or damage to Plaintiffs is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1, 337, 338, subdivision (a), 339, 340, subdivision (a), and 343, by Bus. & Prof. Code § 17208, by sections 2607(3)(a) and 2725(1) and (2) of the California Commercial Code, Cal. Civ. Civ. Code § 1788.30(f), and by all other applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Liability for Conduct of Agents)

If co-defendants were the agents of Defendant, which they were not, their alleged actions were not authorized or ratified by Defendant, who is not liable for those alleged actions.

///

### TWELFTH AFFIRMATIVE DEFENSE
### (No Agency)

Co-defendants are not and were not agents of Defendant, and Defendant cannot be held responsible for the conduct of such co-defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant's actions were proper and legal, and at all times it acted with good faith and without malice.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiffs' claims against Defendant are barred by Plaintiffs' consent to the performance of the alleged acts and things contained therein. Pursuant to the subject retail installment contract, Plaintiffs acknowledged and expressly agreed that the requirements of reasonable notice shall be met if notice is mailed to the Lagrange, Illinois address Plaintiffs listed on the contract.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Business & Professions Code Section 7507.13)

Plaintiffs fail to state facts sufficient to state a cause of action against Defendant pursuant to the protections afforded by section 7507.13 of the Business and Professions Code, which provides that "the legal owner, registered owner, lienholder, lessor, or lessee is not liable for any act or omission by a licensed repossession agency in carrying out an assignment and is entitled to indemnity from the repossession agency for any loss, damage, costs or expense, including court costs and attorneys' fees, that the legal owner, registered owner, lienholder, lessor, or lessee may reasonably incur as a result thereof. Nothing in this subdivision limits the liability of any person for his or her tortuous conduct." Defendant is informed and believes that at all times relevant to this matter Statewide Recovery Services,

1  Inc. was a duly licensed repossession agency by the California Department of
2  Consumer Affairs, license number 1593.

### PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing against Defendant by his Complaint;
2. That the Complaint be dismissed with prejudice as to Defendant;
3. That all costs of suit, including reasonable attorneys' fees, be awarded to Defendant;
4. That judgment be entered in favor of Defendant; and,
5. That this Court award such further relief as it deems just and proper.

DATED: October 28, 2016          SEVERSON & WERSON
                                 A Professional Corporation

                                 By:    /s/ Douglas C. Stastny
                                        DOUGLAS C. STASTNY

                                 Attorneys for Defendant
                                 AMERICREDIT FINANCIAL SERVICES,
                                 INC. dba GM Financial (erroneously sued as
                                 General Motors Financial Company, Inc.)

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On October 28, 2016, I served true copies of the following document(s): **ANSWER TO COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Alexander B. Trueblood, Esq.<br>TRUEBLOOD LAW FIRM<br>10940 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90024 | Attorneys for Plaintiffs CRYSTAL THORPE and JOCQAEL THORPE<br><br>Telephone: (310) 443-4139<br>Facsimile: (310) 943-2255 |

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 28, 2016, at Irvine, California.

_____
RYAN J. BROOKS

31085.0208/9024009.1

PROOF OF SERVICE