Brian L. Hoffman (State Bar No. 150824)
bhoffman@wshblaw.com
Jenny S. Choi (State Bar No. 285839)
jchoi@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant, STATEWIDE RECOVERY SERVICES, INC., a California corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CRYSTAL THORPE, and JOCQAEL THORPE,<br><br>Plaintiffs,<br><br>v.<br><br>STATEWIDE RECOVERY SERVICES, INC., GENERAL MOTORS COMPANY, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:16-CV-06859-ODW (GJSx)<br><br>**DEFENDANT STATEWIDE RECOVERY SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>The Hon. Otis D. Wright, II<br><br>Trial Date:   None Set |

## ANSWER

COMES NOW, Defendant, STATEWIDE RECOVERY SERVICES, INC. ("Defendant") and submits the following Answer to the Complaint ("Complaint") of plaintiffs, CRYSTAL THORPE AND JOCQAEL THORPE ("Plaintiffs").

## OPERATIVE FACTS

1. Answering Paragraph 1 of the Complaint, Defendant admits that GM Financial contracted with Statewide to conduct a repossession of plaintiffs' vehicle in California. As to the remaining allegations, Defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

2. Answering Paragraph 2 of the Complaint, Defendant admits that it repossessed plaintiffs' vehicle but denies that it entered a "secured and gated apartment complex, without the owner's permission." As to the remainder of the paragraph, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant denies each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

**JURISDICTION AND VENUE**

4. Answering Paragraph 4 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant admits it is headquartered in El Monte, California and does business in Los Angeles. As to the remaining allegations in the paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

/ / /

/ / /

## PARTIES

6. Answering Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant admits the allegation.

8. Answering Paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

11. Answering Paragraph 11 of the Complaint, Defendant responds and incorporations herein the responses to all the paragraphs above.

12. Answering Paragraph 12 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph and, on that basis, denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

**SECOND CAUSE OF ACTION**

17. Answering Paragraph 17 of the Complaint, Defendant responds and incorporates herein the responses of all paragraphs above.

18. Answering Paragraph 18 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant admits that Cal. Civ. Code § 1788.1 contains the language alleged. As to the remainder of the allegations, Defendant is

without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant admits that Civil Code § 1788.2 contains the language alleged. As to the remainder of the paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

23. Answering Paragraph 23 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

24. Answering Paragraph 24 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

25. Answering Paragraph 25 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

26. Defendant responds and incorporates herein by reference the responses of all paragraphs above.

27. Answering Paragraph 27 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:10395-0028/6452037.1     -6-     Case No. 2:16-CV-06859-ODW (GJSx)
DEFENDANT STATEWIDE RECOVERY SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, Defendant admits that it repossessed Plaintiff's Vehicle. As to the remainder of the paragraph, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

**FOURTH CAUSE OF ACTION**

34. Defendant responds and incorporates herein the responses of all paragraphs above.

35. Answering Paragraph 35 of the Complaint, Defendant responds that the

allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

38. Answering Paragraph 38 of the Complaint, Defendant responds that the allegations constitute legal conclusions and therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

39. Answering Prayer for Relief, Defendant denies, generally and specifically, that Plaintiffs have been damaged at all, in any kind or character, due to any act or omission by Defendant. Defendant specifically denies that any punitive damages may be alleged and/or recovered against Defendant.

**FIRST AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and thereon alleges, that each of the causes of action contained in the Complaint fails to state a claim against the Defendant upon which relief can be granted.

///

## SECOND AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that the Complaint, and each purported claim contained therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that each cause of action alleged in the Complaint is barred by Plaintiff's failure to join indispensable parties whose presence is needed for a just adjudication under Rule 19.

## FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Plaintiffs lack standing to assert any and all of the alleged claims.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Plaintiffs, by the exercise of reasonable effort and/or care, could have mitigated the amount of damages alleged to have been suffered, but that Plaintiffs failed, neglected, and refused, and continue to fail and refuse to exercise a reasonable effort to mitigate their alleged damages, thus barring and/or reducing Plaintiffs' recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Defendant is not liable for the claims set forth in the Complaint because Plaintiff failed to set forth or allege facts to establish that the Defendant had a legal duty to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that if Plaintiffs herein suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach of warranty, breach of fiduciary duty, conduct, acts, omissions, activities, recklessness, and/or negligence of said Plaintiffs and/or their members, officers, directors, agents and employees, thereby completely or partially barring Plaintiffs' recovery herein.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that it is not legally responsible in any fashion with respect to damages and injuries claimed by Plaintiffs in their Complaint. However, if Defendant is subjected to any liability to Plaintiffs or any other party herein, it will be due, in whole or in part, to the strict liability, breach of fiduciary duty, breach of warranty, acts, omissions, activities, carelessness, recklessness, and/or negligence of others; wherefore, any recovery obtained by Plaintiffs or any other party herein against Defendant should be reduced in proportion to the respective negligence, fault, and/or legal responsibility of all other parties, persons, and entities, including their agents, servants, and employees who contributed to and/or caused any such injury and/or damages.

## NINTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that the Complaint, and each purported cause of action therein, is barred because Defendant's conduct is justified, privileged, fair, equitable and reasonable means are used by Defendant which do not violate any statute, ordinance or law.

## TENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Plaintiffs are barred by the equitable doctrine of unclean hands from obtaining the relief requested.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Defendant alleges that any claimed damage was as a result of ordinary business risk.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Plaintiffs' claims are barred by the applicable statutes of limitation and/or statutes of repose.

/ / /

/ / /

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Plaintiffs' Complaint is barred by the doctrine of laches, in that Plaintiffs have unreasonably delayed in bringing this claim and said delays have caused prejudice to Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Plaintiffs, by virtue of their own acts and omissions, are estopped from recovering damages from Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that the Complaint, and each purported cause of action therein, is barred because Defendant did not violate any constitutional provision, Federal or State statute, regulation, Act, penal code or other substantial public policy of the United States or the State of California.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Plaintiffs have failed to set forth facts sufficient to support an award for attorney's fees, extra-contractual damages, or punitive damages, and that accordingly any alleged claims for attorney's fees, extra-contractual damages, or punitive damages are barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that the injuries complained of in Plaintiffs' Complaint, if any, were not the result of willful, malicious, oppressive, or deliberate conduct on the part of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Plaintiffs' claims are not well grounded in fact and are not warranted by existing law or good faith argument for the extension or modification of existing law but pursued only for the purpose of harassment, unnecessary delay, and the incurrence of needless cost of litigation

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that any recovery on Plaintiffs' Complaint, or any purported cause of action therein, is barred because the disputed conduct of Defendant was privileged, permissible and/or justified. Any and all conduct of which Plaintiffs complain and which is attributed to Defendant – although liability is denied – was a proper exercise of discretion on the part of Defendant and would have occurred anyway given the circumstances, and was undertaken for a fair and reasonable and valid business necessity or legitimate business purpose, and bona fide occupational qualification.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that if Plaintiffs suffered or sustained any loss, damages or injury at or about the times and places alleged, although such is not admitted hereby or herein, the same or the direct and proximate result of the risk, if any there was, was knowingly assumed by Plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that the damages alleged in the Complaint are impermissibly remote and speculative, and, therefore, Plaintiff is barred from recovery of any such damages against Defendant in the within action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that at all times mentioned herein by Plaintiffs, Plaintiffs possessed actual or constructive knowledge of the acts complained of and consented to said acts, either implicitly and/or expressly.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that violation by Defendant, if any, was not intentional and resulted from a bona fide error

notwithstanding the maintenance of procedures reasonably adapted to avoid any such error as set forth in 15 U.S.C. § 1692k(c).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of Court to amend its Answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

**WHEREFORE**, Defendant prays for judgment against Plaintiffs as follows:

1. That Plaintiffs takes nothing by virtue of their Complaint;
2. For costs of suit incurred herein;
3. For attorneys' fees and costs; and
4. For such other and further relief as the Court deems just, equitable and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant hereby demands a trial by jury as to all issues.

DATED: November 4, 2016         WOOD, SMITH, HENNING & BERMAN LLP


By: */s/ Jenny S. Choi*
BRIAN L. HOFFMAN
JENNY S. CHOI
Attorneys for Defendant, STATEWIDE RECOVERY SERVICES, INC., a California corporation

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On November 4, 2016, I served the following document(s) described as **DEFENDANT STATEWIDE RECOVERY SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 4, 2016, at Los Angeles, California.

_Maria T. Brown_
Maria T. Brown

LEGAL:10395-0028/6452037.1 -1- Case No. 2:16-CV-06859-ODW (GJSx)

DEFENDANT STATEWIDE RECOVERY SERVICES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

# SERVICE LIST
## Thorpe v. Statewide Recovery Services, Inc.
### 2:16-CV-06859 (ODW) (GJSx)

Alexander B. Trueblood
Trueblood Law Firm
10940 Wilshire Blvd. Suite 1600
Los Angeles, CA 90024
Tel: (310) 443-4139/Fax: (310) 943-2255
**Attorneys for Plaintiff CRYSTAL AND JOCQAEL THORPE**

Douglas C. Stastny
Severson and Werson
Atrium
1910 Von Karman Avenue, Suite 700
Irvine CA 92612
Tel: (949) 442-7110/Fax: (949) 442-7118
**Attorneys for Defendant GENERAL MOTORS FINANCIAL COMPANY, INC. and Counter Claimant AMERICREDIT FINANCIAL SERVICES. INC.**